UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

CHARLES HILL,

    Petitioner,

v.    Case No. CV412-310

GREGORY MCLAUGHLIN,

    Respondent.

# REPORT AND RECOMMENDATION

Presently before the Court is respondent's motion to dismiss Charles Hill's 28 U.S.C. § 2254 petition, which challenges a 2005 conviction and life sentence for, *inter alia*, felony murder. (Doc. 7 (motion to dismiss); doc. 1 (§ 2254 petition).) Both respondent and Hill agree that he currently has a pending state habeas case that has yet to be resolved. (Doc. 7; doc. 9 (Hill's response).) Hence, respondent requests that the § 2254 petition be dismissed as unexhausted. (Doc. 7.)

Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant

has exhausted the remedies available in the courts of the State." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court."). An applicant for federal habeas relief has not exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Here, there is no question that Hill has failed to exhaust his remedies, but he insists that the Court should keep this case alive because he's been waiting on the state habeas judge's ruling for well over a year. (Doc. 9.) The Court rejects that invitation, since Hill still has a remedy available to him in the state courts. He may seek a mandamus writ from the Georgia Supreme Court compelling the state habeas judge to rule on his petition. *Jackson v. Walker*, 206 F. App'x 967, 968 (11th Cir. 2006) (state prisoner's filing of habeas petition in state court did not satisfy exhaustion requirement for purposes of his subsequent federal habeas petition, despite state habeas court's failure to issue ruling on such petition for over two years, where prisoner was entitled under state law to challenge state habeas court's delay in ruling by way of writ of mandamus).

Because Hill has not yet completed state habeas review, his petition is unexhausted. And he must fully exhaust his state remedies even if he obtains mandamus relief. *Pope v. Rich*, 358 F.3d 852, 854 (11th Cir. 2004) (to fully exhaust state remedies, a § 2254 petitioner in Georgia must petition the Supreme Court of Georgia for a certificate of probable cause to appeal the denial of his state habeas petition); *Scott v. Danforth*, 2013 WL 150464 at * 2 (S.D. Ga. Jan. 14, 2013). Accordingly, respondent's motion (doc. 7) should be **GRANTED**, and Hill's petition should be **DISMISSED** without prejudice for lack of exhaustion.

Applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 25TH day of April, 2013.

_/s/ M. Smith_
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**